The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, Arkansas 71635-1695
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the following question:
 Can a former sheriff who meets all the requirements of A.C.A. § 12-9-112 have full law enforcement authority without being certified by the state? This would include all law enforcement powers similar to that of an elected sheriff?
RESPONSE
It is my opinion that the answer to your question is generally "yes."
The relevant statute, A.C.A. § 12-9-112 provides as follows:
 Any former sheriff of a county who served as sheriff within that county for at least ten (10) years shall be deemed qualified to be employed as a law enforcement officer for any municipality located within that county, notwithstanding any law or regulation to the contrary.
I issued a previous opinion to you (Op. Att'y Gen. 2003-151), concluding that although such a former sheriff is qualified to serve as a chief of police in such a municipality, he is not eligible to be "certified" as a law enforcement officer without fulfilling the applicable requirements for certification, including the basic training course. I stated that A.C.A. § 12-9-112 operates in a manner similar to A.C.A. § 12-9-106(e), which exempts law enforcement officers employed prior to the effective date of the certification requirement from having to be certified. I concluded that such a former sheriff is:
 . . . not required to be certified to serve as a chief of police. On the other hand, however, if he wishes to become a certified law enforcement officer, he must fulfill the requisite training requirements. In my opinion, A.C.A. § 12-9-112 entitles him to qualification for employment, but not to "certification" as a law enforcement officer.
You now ask whether a former sheriff who meets all the requirements of A.C.A. § 12-9-112 has "full law enforcement authority without being certified by the state." You state that this "would include all law enforcement powers similar to that of an elected sheriff." As noted above, it is my opinion that the answer to this question is "yes."
First, A.C.A. § 12-9-112 expressly states that such a former sheriff "shall be deemed qualified to be employed as a law enforcement officer" in a municipality located within the county where he was a sheriff. "Law enforcement officer" is a term defined in the subchapter as "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state, excluding only those officers who are elected by a vote of the people." A.C.A. § 12-9-102(1). In my opinion the language of A.C.A. § 12-9-112 implies qualification and authority to perform the duties of a "law enforcement officer." Otherwise, the language qualifying such a person to be "employed" would be meaningless. A qualification to be "employed" necessarily implies qualification to perform the normal duties required of such position.
Second, section 12-9-112 is the codification of Section 2 ofAct 1472 of 1999. That act was entitled "An Act to Amend Arkansas Code12-9-106(e) to Provide that Law Enforcement Officers Employed as Such Prior to January 1, 1976, Who are Exempt from Formal Law Enforcement Officer Training Requirements Shall Not Lose Their Exempt Status Because of Subsequent Termination of Employment." Section 1 of this Act changed prior law so that when a "grandfathered" law enforcement officer was terminated from employment, whether voluntarily or involuntarily, the exclusion from the certification requirement remained. This portion of the act also stated that "such officers shall have the same powers, privileges and rights and shall be subject to the same rules and restrictions as are applicable to officers whose certification is based on formal training." This provision is currently codified at A.C.A. § 12-9-106 (e)(2). Section 2 ofAct 1472 of 1999 added the language now found at A.C.A. § 12-9-112, regarding former sheriffs serving for more than ten years. Viewing the Act as a whole leads me to conclude that the legislative intention of what is now A.C.A. § 12-9-112 was to invest the former sheriffs described therein with all the powers and duties of a law enforcement officer, without the necessity of formal certification.[1] Again, in my opinion A.C.A. § 12-9-112 operates in much the same way as A.C.A. § 12-9-106(e).
It is therefore my opinion that the answer to your question is "yes."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:ECW/cyh
[1] One of the specific powers listed in correspondence attached to your request is the power to perform ACIC criminal record checks. Although certain uncertified elected officers are denied access to ACIC information unless there is a certified officer in the department (A.C.A. § 12-12-211(c)), I assume the municipal police officer you describe is not elected. This prohibition does not therefore restrict his access to ACIC information. Access to ACIC information is otherwise restricted to "criminal justice official[s]," defined as employees of "criminal justice agen[cies]," which are governmental agencies or subunits authorized by law to perform the administration of criminal justice. A.C.A. § 12-12-1001(6) and (7). Presumably the municipal law enforcement officer you describe fits this definition.